**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CAROLYN JOHNSON,**

    **Plaintiff,**

**vs.**                                              **Case No. 3:08cv236/MCR/MD**

**ALBERTSON'S LLC,**

    **Defendant.**
_____/

**O R D E R**

        This cause is before the court on the magistrate judge's report dated June 20, 2008, in which he recommends remand to the Florida Commission on Human Relations' Division of Administrative Hearings on the ground the case was improvidently removed from that forum to this court. Defendant objects to this recommendation. It asserts removal was proper under 28 U.S.C. § 1441 because, under the "functional" test discussed in Upshur County v. Rich, 135 U.S. 467, 468-469, 10 S.Ct. 651, 34 L.Ed. 196 (1890), the Florida Commission on Human Relations ("FCHR") in effect functions as a "State court" and federal and state interests favor removal. Having considered the report and recommendation de novo and the defendant's objections, the court has determined that the report and recommendation should be adopted, as follows.

        The removal statute, 28 U.S.C. § 1441, in relevant part provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Some courts have interpreted § 1441 and its reference to "State court" as permitting the removal of cases from state administrative agencies when it can be shown that the particular administrative agency performs

traditional court-like functions such as conducting evidentiary hearings and entering judgments.  See  Floeter v. C.W. Transport, Inc., 597 F.2d 1100, 1102 (7th Cir. 1979); Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38, 44 (1st Cir. 1972). In doing so, these courts have applied what has been termed the "functional test" from Upshur County, supra.  In that case, the Supreme Court considered whether removal of a property tax dispute from county court to federal court was a removable *suit*, ultimately deciding it was not because the entity from which removal was sought was essentially an executive board of the county performing administrative, not judicial, functions, notwithstanding the fact that the entity was in name a *county court*.  Upshur County, 135 U.S. at 477 (emphasis added).  In short, the court looked behind the nomenclature at the actual functioning of the governmental body in determining that the *suit* was not removable from that body.  Id. (emphasis added).  Defendant in the instant case argues that Upshur can be read as approving removal of an action from a state administrative agency where the administrative agency performs traditional adjudicatory functions on par with a court of justice.  Specifically, defendant advocates application of the functional test to the FCHR and argues that under that test removal in this case was proper because the FCHR performs court-like functions.

The court need not analyze the nature and type of functions performed by the FCHR because it readily concludes that a state administrative agency is not a "State court" for purposes of §1441.  In  Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Comm, Inc., 288 F.3d 414, 419 (9th Cir. 2002), the Ninth Circuit rejected the "functional" approach for determining whether a state administrative agency may be deemed a "State court" under § 1441.  The court instead adopted  a strict, plain language construction of the statute, concluding that the statute simply "does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be."  Id.; see also Civil Rights Division v. Asplundh Tree Expert Co., 2008 WL 2616154 (S.D.Fla. 2008) (agreeing with the Ninth Circuit's view in Oregon Bureau of Labor and Industries that the functional test "goes beyond the language of Section 1441, which does not authorize the removal of proceedings from administrative agencies.").  The

undersigned agrees. There is nothing in the text of §1441 which suggests that Congress intended to authorize the removal of cases from state administrative agencies to federal court under the statute, even where the agency performs ordinary judicial functions. See Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992); Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction... where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Moreover, although the Supreme Court took a "functional approach" in Upshur, the suggestion that the case reflects the Court's general acceptance of an interpretation of §1441 that would allow for the removal of an action from a state administrative agency merely because that agency performs judicial functions is strained, at best. See Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1263 (3d Cir. 1994)). In the 118 years since Upshur County was decided the Supreme Court has never extended the holding in a manner even remotely consistent with that urged by defendant here. See Sun Buick, 26 F.3d at 1263. In fact, defendant's reading of the case is questionable under later Supreme Court precedent. See id. Additionally, such an expansive construction of the removal statute is wholly inconsistent with the Supreme Court's instruction that §1441 should be construed narrowly, with any doubts about the propriety of removal being resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

  Policy reasons also militate against adoption of the functional approach for determining whether a case may be removed from a state administrative agency under §1441. First, this approach "would have the capacity to create substantial mischief in the administrative arena, by encouraging parties to take a shot at removal, with inevitable delays and disruptions." Bellsouth Telecomm., Inc. v. Vartec Telecom, Inc., 185 F. Supp.2d 1280, 1283 (N.D.Fla. 2002). Second, the functional approach could result in the unwarranted, and thus wasteful, expenditure of limited federal judicial resources. District courts undoubtedly would struggle to deal with the inevitable increase in removal notices

that would result from wide-spread adoption of the functional approach in cases such as this; moreover, in most cases the concomitantly filed motions to remand would likely require a detailed factual analysis of an agency's functions, raising the potential for evidentiary challenges necessitating discovery and evidentiary hearings.  Such a result clearly was not contemplated by Congress when it enacted §1441.

The Eleventh Circuit has not yet decided the issue of whether administrative proceedings may be removed from state agencies pursuant to § 1441.  In the absence of such guidance, some courts in this circuit have proceeded to apply the functional test. See, e.g., Bellsouth Telecomm., Inc., and Civil Rights Division, supra.  Because this court is persuaded by the reasoning of Oregon Bureau of Labor and Industries and the guidance of Sun Buick, however, it concludes the analysis in the instant case need not extend beyond the statute's plain language, which does not authorize removal of proceedings to this forum from an administrative agency, including the Florida Commission on Human Relations' Division of Administrative Hearings.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation is adopted and incorporated by reference in this order, as modified above.

2. The removal is DISMISSED as improper.

3. This proceeding is remanded to the Florida Commission on Human Relations' Division of Administrative Hearings.

4. The clerk is directed to take all action necessary to effect the remand and close the file.

DONE AND ORDERED this 6th day of August, 2008.

    *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No: 3:08cv236/MCR/MD